IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**NICOLE MYERS, #102798**                                                                                             **PETITIONER**

**VERSUS**                                                             **CIVIL ACTION NO.3:05cv448HTW-JCS**

**MARGARETT BINGHAM, Superintendent of CMCF;**
**and JIM HOOD, Attorney General**                                                                                 **RESPONDENTS**

## OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner Nicole Myers, an inmate at the Central Mississippi Correctional Facility (CMCF), Pearl, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. On November 30, 2005, petitioner was ordered to file an amended petition. On December 8, 2005, petitioner filed her amended petition. As required by Haines v. Kerner, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusion.

### Background

Petitioner pled guilty to and was convicted of manslaughter in the Circuit Court of Copiah County, Mississippi on July 11, 2003. Petitioner was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Petitioner states that she has not filed an appeal or any other challenge to her conviction in state court. Furthermore, the petitioner states that she has not filed a motion for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-91, et. seq.

The petitioner asserts various claims regarding her criminal case and sentencing as grounds for habeas relief in the instant petition. Specifically, the petitioner complains about the

court's failure to incarcerate her husband based on nine assault charges and she alleges a conflict of interest by the trial judge.  Further, the petitioner claims that she was denied the benefit of certain evidence, i.e., her husband's recorded statement and her damaged car, because it was either lost or never obtained by the authorities.

## Analysis

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief.  Sterling v. Scott, 57 F.3d 451, 453 (5th Cir.1995), cert. denied, 116 S.Ct. 715 (1996).  Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must present her claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief."  Fisher v. Texas, 169 F.3d 295, 302 (5th Cir.1999).

A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under Section 2254.  See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).  As stated above, the petitioner has failed to utilize the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-91, et. seq., to satisfy the exhaustion requirement.   As such, this case shall be dismissed, without prejudice, for petitioner's failure to exhaust her available state court remedies.

A final judgment in accordance with this opinion and order shall issue this date.

SO ORDERED, this the 22nd day of  December, 2005.

                                s/ HENRY T. WINGATE

                                CHIEF UNITED STATES DISTRICT JUDGE